IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew L. Singletary, ) | |
| ) | Civil Action No.: 4:11-cv-00512-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Anthony J. Padula, ) | |
| Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Matthew L. Singletary, is an inmate in state prison and filed this *pro se* petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this matter was referred to a Magistrate Judge. Respondent filed a motion for summary judgment on December 19, 2011. (Dkt. Nos. 26 and 27). Petitioner filed a response in opposition on March 23, 2012. (Dkt. No. 39). The Magistrate Judge filed a Report and Recommendation on June 12, 2012 recommending that this Court grant Respondent's motion for summary judgment. (Dkt. No. 41). Petitioner then filed objections to the Report and Recommendation. (Dkt. No. 53). For the reasons stated below, this Court concurs with and wholly adopts the Report and Recommendation of the Magistrate Judge. (Dkt. No. 41).

**Legal Standards**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir.2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor,* 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth

Amendment. *Id.* at 688. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Review by this Court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter,* 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

### Analysis

Petitioner timely filed written objections to the Report and Recommendation of the Magistrate Judge. (Dkt. No. 53) These objections are directed toward the Magistrate's analysis of the two grounds for Petitioner's habeas petition. In his habeas petition, Petitioner alleges as his first ground that his counsel was ineffective because he failed to object to the admission into evidence of a baseball bat, two flashlights, and a wooden chair arm which were discovered during a search of Petitioner's home and their characterization at trial as the murder weapons. (Dkt. No. 1 at 13). Next, Petitioner alleges as a second ground that his counsel was ineffective in not cross-examining Petitioner's co-defendant, Christopher Lane. (Dkt. No. 1 at 20).

Ground One:

Petitioner objects to the Magistrate's finding that counsel's failure to object to the admission into evidence of the items found in his home was not ineffective assistance counsel because the evidence, although relevant, would have been inadmissible under S.C. R. Evid. 403, which is identical to the corresponding Federal Rule of Evidence. (Dkt. No. 53 at 5). In support, Petitioner notes there was testimony at trial that the evidence found in his home was not used in the alleged crime because no blood from the Petitioner or the victim was found on them. (Dkt.

No. 53 at 4). However, there was also testimony at trial that the evidence was in fact used to commit the crime. (Dkt No. 27-5 at 34-35). Thus, Petitioner has not shown a likelihood of success if objections were made under S.C. R. Evid. 403. *See United States v. Hargrove*, 382 Fed. App'x 765, 780-82 (10th Cir. 2010) (holding probative value of handgun not substantially outweighed by danger of unfair prejudice where some evidence linking defendant to weapon exists).

Petitioner also objects to the Magistrate's finding that he is procedurally barred from raising the issue of counsel's failure to object to the "characterization" of the evidence as the murder weapons rather than simply objecting to their admission. (Dkt. No. 53 at 2-4). Even assuming the issue is not barred, this Court would follow the Magistrate's recommendation to approve summary judgment on Ground One. Trial counsel elicited testimony that no blood from the Petitioner or the victim was found on the items. (Dkt. No. 27-3 at 89-91). Further, trial counsel elicited testimony tending to show that the bat found in Petitioner's home did not match the description of the bat allegedly used in the crime. (Dkt. No. 27-6 at 22-25). It cannot fairly be said that counsel did not contest the characterization of the evidence as the murder weapons.

Therefore, in reviewing the record, this Court agrees with the recommendation of the Magistrate Judge and finds that Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue and has failed to demonstrate that his counsel's performance was deficient. Thus, Respondent's motion for summary judgment as to Petitioner's first ground for habeas relief is granted.

Ground Two:

Petitioner objects that counsel's decision not to cross-examine a co-defendant, Christopher Lane, was not a trial strategy worthy of deference by the Magistrate and amounts to

ineffective assistance of counsel. This Court disagrees. Courts have shown a marked and understandable reluctance to characterize tactical or strategic decisions by trial counsel as ineffective assistance. *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir.2002). A "strong presumption" exists that counsel's actions were the function of trial tactics and not "sheer neglect." *Harrington*, 131 S.Ct. at 790. This rule, however, is not absolute where the purported strategic decision is based upon an error or ignorance of the law by trial counsel. *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2nd Cir. 2009) (omissions based upon "oversight, carelessness, ineptitude or laziness" cannot be explained as "trial strategy"); *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007) (a strategic choice made without a professionally competent investigation of the Petitioner's options is "erected upon . . . a rotten foundation" and is not entitled to deference).

The record shows that Lane was cross-examined extensively by the prosecution, only after which trial counsel indicated he had no questions (Dkt. No. 27-6 at 71 – Dkt No. 27-7 at 62). Trial counsel also explained his strategy not to cross-examine Lane was based on his anticipation of Petitioner's own testimony. (Dkt. No. 27-9 at 20-23). Based on this record, this Court agrees with the recommendation of the Magistrate that the "PCR court's rejection of the ineffective assistance of counsel relief was not 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." (Dkt. 41 at 16). Thus, Respondents motion for summary judgment as to Petitioner's second ground for habeas relief is granted.

## Conclusion

After a review of the record, the Report and Recommendation, Petitioner's objections, and the applicable law, this Court finds that the Report and Recommendation accurately summarizes the applicable legal and factual issues in this motion. Therefore, the Court adopts the Report and Recommendation as the Order of this Court. (Dkt. No. 41). For the reasons stated above, it is hereby **ORDERED** that Respondent's motion for summary judgment be **GRANTED** and Petitioner's petition be **DISMISSED.**

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied.**

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Court Judge

August 14, 2012
Charleston, South Carolina